CHRISTIAN *et al.*, EXR'S, *vs.* WESTBROOKE *et al.*

EQUITY, FROM CHEROKEE. New trial. Administrators and Executors. Fraud. Statute of Limitations. Guardian and ward. (Before Judge Brown.)

Hall, J. — 1. Where there is any evidence to sustain the verdict, it is in the discretion of the judge to grant or refuse a new trial; and if he does not abuse his discretion, we are not at liberty to interfere with his judgment. This is the rule where a first verdict has been set aside or sustained, but where a second jury, upon the grant of a new trial, has concurred with the former jury in their finding, and the presiding judge has refused to disturb it and grant another new trial, we should not interfere with the exercise of his discretion, although he may think the evidence introduced to establish the main ground relied upon for a recovery "rather weak."

2. The main contention in this case was as to whether the complaintants were barred from a recovery by letters dismissory granted to the administrators, or whether said letters were obtained by fraud and therefore were void. The evidence showed considerable irregularity on the part of the administrators, and was such as at least to cast suspicion upon the fairness of the proceedings; and there was enough on which to predicate the verdict found by the jury. Code, §§2607, 2608, 2751.

3. The fact that a distributee, who was a minor at the time when the administrators obtained letters of dismission, had a legal guardian during his minority, did not bar his right to commence suit against

them at any time within five years after his arrival at majority. ' Code, §2607.

Judgment affirmed.

R. P. Lester; Geo. N. Lester, for plaintiffs in error.

W. A. Teasley; C. D. Phillips, for defendants.